IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PAMELA KEYSER,

          Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.

Civ. No. 08-1268-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's motion (#28) for prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated below, plaintiff's motion is granted.

## BACKGROUND

On November 22, 2005, plaintiff Pamela Keyser ("Keyser") filed an application for Disability Insurance Benefits ("DIB") benefits under Title II of the Social Security Act, as amended ("the Act"), 42 U.S.C. § 401, *et seq.* Keyser alleged disability beginning October 31, 2005, based on combined impairments including emphysema, depression, stress, chronic obstructive pulmonary disease ("COPD"), and a collapsed lung. (Tr. 124).[1] Following a hearing, the ALJ found Keyser was not disabled in a decision dated November 30, 2007.

---

[1] ("Tr.") indicates a citation to the Transcript (#9) filed by the Commissioner.

Page 1 – ORDER

On October 27, 2008, plaintiff filed a Complaint (#2) in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision. In her opening brief, Keyser alleged disability based on combined impairments including bullous emphysema, depression, anxiety, and bipolar disorder. (Pl's Opening Br., Dckt. #14, pp. 2). Plaintiff complained the ALJ committed multiple errors in his opinion.[2] As relevant here, Keyser argued the ALJ was required to complete the psychiatric review technique ("PRT") set out in 20 C.F.R. § 404.1520a when evaluating her alleged mental impairments, and committed reversible error by failing to include specific findings as to her degree of limitation in the four functional areas as required under § 404.1520a(e)(2). (Id., pp. 7-8).

On February 9, 2010, this court recommended (#18) the Commissioner's decision be affirmed, finding, in relevant part, that although the ALJ had not detailed his findings in the four functional areas, he "sufficiently addressed the ratings by incorporating by reference the state agency medical consultant's assessment" and supported his conclusion with a detailed analysis of the other medical evidence relevant to Keyser's alleged mental impairments. (Report & Recommendation, Dckt. #18, pp. 23-24). Plaintiff objected (#20) to this court's recommendation. On March 18, 2010, District Judge Owen M. Panner adopted (#22) this court's recommendation and entered judgment (#23) for defendant.

Plaintiff appealed (#24) her case to the Ninth Circuit. On June 1, 2011, a split panel of the Ninth Circuit Court of Appeals reversed and remanded plaintiff's case for further administrative proceedings. Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 726 (9th Cir.

---

[2] Keyser argued ALJ erred by (1) failing to comply with 20 C.F.R. § 404.1520a(e) when evaluating her mental impairment; (2) failing to provide "specific and legitimate" reasons for rejecting the opinions of her treating physicians; (3) failing to include the functional limitations identified by her lay witness in formulating her RFC and in the hypothetical posed to the vocational expert at the hearing; (4) improperly discrediting her testimony; (5) improperly discrediting the testimony of her lay witnesses; and (6) issuing an opinion not supported by substantial evidence in the record. Only the first assignment of error is at issue here.

Page 2 -- ORDER

2011). The majority held that 20 C.F.R. § 404.1520a(e) expressly requires the ALJ to either (1) complete a PRT form ("PRTF") and append it to his decision, or (2) incorporate the PRTF's mode of analysis into his findings and conclusions by making specific findings as to Keyser's degree of limitation in the four functional areas in his opinion. Id. at 725-26. The majority found that simply referencing and adopting the PRTF completed by the state agency consultant was insufficient to satisfy the regulation's requirements, therefore the ALJ committed reversible legal error in evaluating Keyser's mental alleged mental impairments. Id. Additionally, the majority determined this error was not harmless because plaintiff had a colorable claim of mental impairment. Id., 648 F.3d at 725-28. The court did not reach plaintiff's other assignments of error.

Judge Graber wrote a dissenting opinion, arguing that 20 C.F.R. § 404.1520a places the primary responsibility for assessing the severity of plaintiff's alleged mental impairment and completing the PRT on the agency consultant, therefore the ALJ sufficiently documented the application of the PRT by expressly incorporating and adopting the agency consultant's opinion. Id. at 728 & n. 2. Judge Graber further concluded that even if the ALJ erred by failing to explicitly state his findings as to plaintiff's limitations in the four broad functional areas described in § 404.1520a(c)(3), that error was harmless because the record contained substantial evidence to support the ALJ's conclusion that plaintiff did not have a severe mental impairment. Id. at 728-29.

Keyser, as the prevailing party, subsequently filed the current application (#28) for fees and expenses pursuant to the EAJA. Keyser seeks attorney fees in the amount of $15,294.80 and expenses in the amount of $52.00. The Commissioner opposes (#31) an award of fees on

grounds that its position throughout the litigation was substantially justified, therefore Keyser is not entitled to fees under the EAJA.

## LEGAL STANDARDS

An applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant sentence four of 42 U.S.C. § 405(g), regardless of whether benefits are ultimately awarded. Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625 (1993). A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA unless the Commissioner demonstrates that his position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998).

The term "substantially justified" means "justified in substance or in the main" or, in other words, "justified to the extent that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988) (internal citations omitted). "A substantially justified position must have a reasonable basis both in law and fact." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing Pierce, 487 U.S. at 565; Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995)). The Commissioner's position must be substantially justified with respect to both (1) the original action, and (2) its defense of the validity of that action in court. Id. (citing Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988)).

## DISCUSSION

Here, Keyser complained of several errors by the ALJ, but prevailed on only one: whether the ALJ complied with the requirements of 20 C.F.R. § 404.1520a in assessing her alleged mental impairment. Whether Keyser is entitled to prevailing party fees therefore

depends on whether the Commissioner's position with respect to this issue was substantially justified in both the underlying agency conduct and its litigation position.

I.  **The Commissioner's Position Was Not Substantially Justified**

For the following reasons, the Commissioner's position was not substantially justified.

A.  **The Underlying Agency Conduct**

The underlying agency conduct in this case is the ALJ's failure to provide a narrative discussion in his decision of his application of the PRT required by 20 CFR 404.1520a(a)-(c). In opposing plaintiff's appeal, the Commissioner acknowledged that agency regulations require the ALJ to "incorporate the pertinent findings and conclusions based on the technique," to "show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)," and to "include a specific finding as to the degree of limitation" in each of the four functional areas described in 20 C.F.R. § 404.1520a(c)(4). (Def's Br., Dckt. #16, pp. 17). However, the Commissioner argued that the ALJ was not required to include "a rote application" of the PRT in his decision, but rather could satisfy those requirements by incorporating by reference the PRT form ("PRTF") completed by the state agency medical consultant and accepting his opinion as to plaintiff's limitations in each of the four functional areas. (Id.).

The Keyser majority held the ALJ was required to provide a narrative description of his application of the PRT in his written decision, including his specific findings as to the claimant's degree of limitation in the four functional areas, and could not satisfy this requirement by simply referencing and adopting the PRTF completed by the agency's medical consultant. Keyser, 648 F.3d at 726. A finding that the agency's position was based on violations of its own regulations

precludes a finding that its position was substantially justified. Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001) (internal citation omitted).

Based on the Ninth Circuit's decision, this court finds that the Commissioner's position that the ALJ properly applied the special psychiatric review technique set forth in 20 C.F.R. § 404.1520a(a)-(c) when evaluating Keyser's alleged mental impairment was not reasonably based in law in light of the requirements of 20 C.F.R. § 404.1520a(e)(4), and therefore was not substantially justified.

### B. The Commissioner's Litigation Position

The Commissioner argues that the differing judicial opinions returned in this case demonstrate that reasonable minds could disagree on what the ALJ was required to do in order to comply with 20 CFR 404.1520a, therefore an award of fees is inappropriate. As the Commissioner acknowledges, the fact that another court agreed or disagreed with the Commissioner does not establish whether the Commissioner's position was substantially justified. Pierce, 487 U.S. at 569. To be substantially justified, the Commissioner's position must have a reasonable basis in law and in fact.

Here, the majority of the Ninth Circuit panel determined that the ALJ's obligations under 20 C.F.R. § 404.1520a are governed by Gutierrez v. Apfel, 199 F.3d 1048, 1050 (9th Cir. 2000).[3] Gutierrez requires that the ALJ document his application of the PRT by issuing a specific finding in each of the four functional areas identified in 20 C.F.R. § 404.1520a(c)(3). Although Gutierrez was decided before the September 2000 amendments to 20 C.F.R. § 404.1520a took effect, the only effect those amendments had was to eliminate the requirement that the ALJ complete and append a PRTF to his decision *in addition to* providing a narrative description of

---

[3] *Superseded by regulation as stated in* Blackmon v. Astrue, 719 F. Supp. 2d 80, 92 (D. D.C. 2010).

his application of the PRT.  Id. at 725.  The Keyser majority noted that the Commissioner enacted this amendment precisely because the ALJ's "written decision must include the pertinent findings and conclusions required in the application of the [PRT]," therefore requiring the ALJ to also complete and attach the PRTF was unnecessary and redundant.  Id. at 725-26 (internal citation and quotation marks omitted); *see also* Hoopai v. Astrue, 499 F.3d 1071, 1077-78 (9th Cir. 2007) (agency regulations require that the ALJ assess and rate the claimant's degree of limitation in each of the four functional areas; having done so, "[t]he ALJ was not required to make any more specific findings regarding the claimant's functional limitations.").

Neither Keyser nor the Commissioner raised the issue of whether Gutierrez was controlling at the time of Keyser's initial appeal.  Based on the Ninth Circuit's decision and a review of Gutierrez and Hoopai, the court finds that 20 C.F.R. § 404.1520a(e)(4) unambiguously requires the ALJ to either complete a PRTF and append it to his decision, or to provide a narrative discussion of his application of the PRT in his written decision including specific findings as to each of the four functional areas when evaluating Keyser's alleged mental impairment.  Therefore, the Commissioner's litigation position here is not substantially justified because it was not reasonably based in law in light of the requirements of 20 C.F.R. § 404.1520a(e)(4).

### Conclusion

The Commissioner's position with respect to the requirements of 20 CFR § 404.1520a was not substantially justified in either the underlying agency conduct or its litigation position, therefore, Keyser is entitled to an award of fees under EAJA.

//

//

**C. Reasonableness of Attorney's Fees**

The Commissioner does not object to the amount of attorney fees or expenses requested by plaintiff. However, the court has an independent obligation to ensure that the request is reasonable.

The court exercises discretion in awarding fees under EAJA. *See* Rodriguez v. U.S., 542 F.3d 704, 709 (9th Cir. 2008) (court of appeals reviews district court award of fees under EAJA for abuse of discretion); *see also* Webb v. Ada Cnty., 195 F.3d 524, 527 (9th Cir. 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). However, an EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

Recoverable fees and expenses include reasonable expenses of expert witnesses; reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing party's case; and reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Attorney fees may not be awarded in excess of $125 per hour, unless the court determines a higher fee is justified by an increase in the cost of living, or a special factor exists. Id. The prevailing party has the burden of proving that fees awarded under the EAJA are reasonable. *See* Hensley, 461 U.S. at 434; *see also* Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).

Plaintiff's counsel allege fees as follows: in 2008, 5.9 hours worked at an hourly rate of $172.85, for a total of $1,019.81; in 2009, 35.25 hours of work at an hourly rate of $172.24, for a

total of $6,071.46; in 2010, 42.25 hours of work at an hourly rate of $175.06, for a total of $7,396.28; and in 2011, 6.15 hours worked at an hourly rate of $180.04, for a total of $1,107.25. In all, plaintiff's counsel seeks grand total of $15,594.80 in attorney fees, and an additional $52.00 in expenses identified as "postage." The court finds that the hours worked, hourly rate, and stipulated attorney fee are reasonable.

## CONCLUSION

The Commissioner was not substantially justified either in its initial action or in its litigation position. Therefore,

IT IS ORDERED that plaintiff's motion for attorney fees (#28) is GRANTED. Plaintiff is awarded the attorney's fees under the EAJA in the amount of $15,594.80 and expenses in the amount of $52.00. Unless the United States Department of the Treasury determines that plaintiff owes a federal debt, payment shall be made payable to plaintiff and delivered to plaintiff's counsel. See Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). Plaintiff has not filed an assignment of EAJA fees. Should plaintiff provide a signed assignment requesting that the attorney fee awarded under the EAJA be paid directly to her counsel, the government shall accept the assignment and pay the EAJA attorney fee directly to plaintiff's counsel. Id.

IT IS SO ORDERED.

DATED this ____ day of November, 2011.

_____
MARK D. CLARKE
United States Magistrate Judge