IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PAMELA KEYSER,

           Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

           Defendant.

Civ. No. 08-1268-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's supplemental application (#34) for prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner does not oppose plaintiff's application. For the reasons stated below, plaintiff's supplemental application is granted.

## BACKGROUND

On November 22, 2005, plaintiff Pamela Keyser ("Keyser") filed an application for Disability Insurance Benefits ("DIB") benefits under Title II of the Social Security Act, as amended ("the Act"), 42 U.S.C. § 401, *et seq.* Keyser alleged disability beginning October 31, 2005, based on combined impairments including emphysema, depression, stress, chronic

obstructive pulmonary disease ("COPD"), and a collapsed lung. (Tr. 124).[1] Following a hearing, the ALJ found Keyser was not disabled in a decision dated November 30, 2007.

On October 27, 2008, plaintiff filed a Complaint (#2) in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision. In her opening brief, Keyser alleged disability based on combined impairments including bullous emphysema, depression, anxiety, and bipolar disorder. (Pl's Opening Br., Dckt. #14, pp. 2). Plaintiff complained the ALJ committed multiple errors in his opinion.[2] As relevant here, Keyser argued the ALJ was required to complete the psychiatric review technique ("PRT") set out in 20 C.F.R. § 404.1520a when evaluating her alleged mental impairments, and committed reversible error by failing to include specific findings as to her degree of limitation in the four functional areas as required under § 404.1520a(e)(2). (Id., pp. 7-8).

On February 9, 2010, this court recommended (#18) the Commissioner's decision be affirmed, finding, in relevant part, that although the ALJ had not detailed his findings in the four functional areas, he "sufficiently addressed the ratings by incorporating by reference the state agency medical consultant's assessment" and supported his conclusion with a detailed analysis of the other medical evidence relevant to Keyser's alleged mental impairments. (Report & Recommendation, Dckt. #18, pp. 23-24). Plaintiff objected (#20) to this court's recommendation. On March 18, 2010, District Judge Owen M. Panner adopted (#22) this court's recommendation and entered judgment (#23) for defendant.

---

[1] ("Tr.") indicates a citation to the Transcript (#9) filed by the Commissioner.
[2] Keyser argued ALJ erred by (1) failing to comply with 20 C.F.R. § 404.1520a(e) when evaluating her mental impairment; (2) failing to provide "specific and legitimate" reasons for rejecting the opinions of her treating physicians; (3) failing to include the functional limitations identified by her lay witness in formulating her RFC and in the hypothetical posed to the vocational expert at the hearing; (4) improperly discrediting her testimony; (5) improperly discrediting the testimony of her lay witnesses; and (6) issuing an opinion not supported by substantial evidence in the record. Only the first assignment of error is at issue here.

Plaintiff appealed (#24) her case to the Ninth Circuit. On June 1, 2011, a split panel of the Ninth Circuit Court of Appeals reversed and remanded plaintiff's case for further administrative proceedings. Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 726 (9th Cir. 2011). The majority held that 20 C.F.R. § 404.1520a(e) expressly requires the ALJ to either (1) complete a PRT form ("PRTF") and append it to his decision, or (2) incorporate the PRTF's mode of analysis into his findings and conclusions by making specific findings as to Keyser's degree of limitation in the four functional areas in his opinion. Id. at 725-26. The majority found that simply referencing and adopting the PRTF completed by the state agency consultant was insufficient to satisfy the regulation's requirements, therefore the ALJ committed reversible legal error in evaluating Keyser's mental alleged mental impairments. Id. Additionally, the majority determined this error was not harmless because plaintiff had a colorable claim of mental impairment. Id., 648 F.3d at 725-28. The court did not reach plaintiff's other assignments of error.

Judge Graber wrote a dissenting opinion, arguing that 20 C.F.R. § 404.1520a places the primary responsibility for assessing the severity of plaintiff's alleged mental impairment and completing the PRT on the agency consultant, therefore the ALJ sufficiently documented the application of the PRT by expressly incorporating and adopting the agency consultant's opinion. Id. at 728 & n. 2. Judge Graber further concluded that even if the ALJ erred by failing to explicitly state his findings as to plaintiff's limitations in the four broad functional areas described in § 404.1520a(c)(3), that error was harmless because the record contained substantial evidence to support the ALJ's conclusion that plaintiff did not have a severe mental impairment. Id. at 728-29.

Keyser, as the prevailing party, subsequently filed an application (#28) for attorney fees and costs pursuant to the EAJA. The Commissioner opposed (#31) an award of fees on grounds that its position throughout the litigation was substantially justified. By Order (#33) dated November 22, 2011, the court found that the Commissioner was not substantially justified either in its initial action or in its litigation position, and therefore granted plaintiff's application for attorney fees and costs.[3]

Thereafter the parties engaged in settlement negotiations and reached a stipulated settlement. (Mem. Supp. Supp. Application for Fees Pursuant to the EAJA, #36, at 1). Keyser subsequently filed the current supplemental application (#34) for fees pursuant to the EAJA. Keyser seeks attorney fees in the amount of $2,255.37. The Commissioner does not oppose the supplemental application.

## LEGAL STANDARDS

An applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant sentence four of 42 U.S.C. § 405(g), regardless of whether benefits are ultimately awarded. Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625 (1993). A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA unless the Commissioner demonstrates that his position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998).

The term "substantially justified" means "justified in substance or in the main" or, in other words, "justified to the extent that could satisfy a reasonable person." Pierce v.

---

[3] The court notes that a typographical error appears on page 3 of the court's Order (#33), which shows the amount of attorney fees sought as $15,294.80. The correct amount of attorney fees sought by plaintiff in her application (#28) for attorney fees is the amount awarded, $15,594.80.

Page 4 – ORDER

Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988) (internal citations omitted). "A substantially justified position must have a reasonable basis both in law and fact." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing* Pierce, 487 U.S. at 565; Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995)). The Commissioner's position must be substantially justified with respect to both (1) the original action, and (2) its defense of the validity of that action in court. Id. (*citing* Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988)).

## DISCUSSION

The Commissioner does not object to the amount of attorney fees requested by plaintiff. However, the court has an independent obligation to ensure that the request is reasonable.

The court exercises discretion in awarding fees under EAJA. *See* Rodriguez v. U.S., 542 F.3d 704, 709 (9th Cir. 2008) (court of appeals reviews district court award of fees under EAJA for abuse of discretion); *see also* Webb v. Ada Cnty., 195 F.3d 524, 527 (9th Cir. 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). However, an EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). "[F]ee litigation is part of the 'civil action' covered by the EAJA, therefore, where the court has made an initial threshold determination that the Commissioner's position in the underlying merits litigation was not substantially justified, it need not determine whether the Commissioner's position in opposing plaintiff's fee application was reasonable. Atkins, 154 F.3d at 988-89 (*citing* Jean, 496 U.S. at 158-59).

Page 5 – ORDER

Plaintiff's counsel allege fees as follows: by counsel Tim Wilborn (#35), 2.5 hours of work at an hourly rate of $180.43, for a total of $451.08; and by co-counsel Ralph Wilborn (#35-1), 10.0 hours worked at an hourly rate of $180.43, for a total of $1,804.30. In all, plaintiff's counsel seeks grand total of $2,255.37 in attorney fees. The court finds that the hours worked, hourly rate, and unopposed attorney fees are reasonable. Therefore,

IT IS ORDERED that plaintiff's supplemental application for attorney fees (#34) is GRANTED. Plaintiff is awarded the attorney's fees under the EAJA in the amount of $2,255.37. Unless the United States Department of the Treasury determines that plaintiff owes a federal debt, payment shall be made payable to plaintiff and delivered to plaintiff's counsel. *See* Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). Plaintiff still has not filed an assignment of EAJA fees. Should plaintiff provide a signed assignment requesting that the attorney fee awarded under the EAJA be paid directly to her counsel, the government shall accept the assignment and pay the EAJA attorney fee directly to plaintiff's counsel. Id.

IT IS SO ORDERED.

DATED this ___10___ day of January, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge